## A. S. Campbell v. John Yager.

[Filed June 30, 1891.]

Real Estate Agents: Double Commissions. One C. was employed by Y. to sell certain city property, and effected an exchange of real estate with one P. After the transaction was complete, P. paid C. $100 for his services, although he testified that he had previously not employed him. *Held*, There being no charge of bad faith, that if Y. had employed C. to sell his property and he had procured a sale and exchange of the same upon terms satisfactory to Y., he was entitled to a fair compensation for his services.

Error to the district court for Adams county. Tried below before Gaslin, J.

*Capps & McCreary*, for plaintiff in error, cited, on the questions of agency and compensation: *Milligan v. Davis*, 49 Ia., 126; *Veazie v. Williams*, 8 How. [U. S.], 134; *Foster v. Swazey*, 2 W. & M. [U. S.], 217; *Hatch v. Taylor*, 10 N. H., 538; *Fouch v. Wilson*, 59 Ind., 93; *Moses v. Bierling*, 31 N. Y., 462; *McClave v. Paine*, 49 Id., 561; *Woods v. Stephens*, 46 Mo., 555; *Stewart v. Mather*, 32 Wis., 344; *Cook v. Fiske*, 12 Gray [Mass.], 491; *Timberman v. Craddock*, 70 Mo., 638; *Tyler v. Parr*, 52 Id., 249–50; *Anderson v. Cox*, 16 Neb., 10; *Potvin v. Curran*, 13 Id., 303; *Stubendorf v. Hoffman*, 23 Neb., 360.

*Dilworth, Smith & Dilworth, contra.*

Maxwell, J.

The plaintiff brought an action against the defendant, the cause of action being set forth in the petition as follows:

"Plaintiff is by occupation and business a broker and dealer in real estate, usually termed land agent; that his place of business is in Hastings, Adams county, Nebraska;

that on or about the first day of August, 1888, defendant placed in the hands of plaintiff, for sale, his two brick store buildings situated on Hastings avenue, between Second and Third streets in the city of Hastings, Adams county, Nebraska, at the asking price of $15,000 for the two, and then and there defendant agreed to pay plaintiff what his services in the disposal of said property should be worth, in the procurement, by this plaintiff, of a purchaser of said store buildings and lots upon which the same were situated, for the defendant; that on or about the first day of February, 1889, in pursuance of said agreement, plaintiff did procure and introduce to said defendant a purchaser, and then and there the defendant sold his property to one George H. Pratt, he being the party introduced by plaintiff as above stated; said sale being for the price and upon the terms defendant had previously authorized and instructed the plaintiff to procure as purchase price for same; that the said George H. Pratt was the party plaintiff procured to purchase said property, and was the party plaintiff introduced to defendant, and to whom said property was then and there sold as aforesaid, by reason of which defendant has become indebted to plaintiff in the sum of four hundred and ten and $\frac{18}{100}$ dollars, together with lawful interest thereon since said sum became due and payable."

The answer is a general denial, and plea that the plaintiff, in making the sale, acted as the agent of Pratt. On the trial of the cause the jury returned a verdict for the sum of $1 in favor of the plaintiff, and a motion for a new trial having been overruled judgment was entered on the verdict.

It is claimed that the court erred in giving the third instruction, which is as follows : " In reply of plaintiff interposed to new matter set up in answer is a general denial. Consequently under the pleadings it devolves upon the plaintiff, by a fair preponderance of the evidence, to satisfy you he was employed by defendant to sell or dispose of the

stores and lots, and that he acted as agent of defendant and that he effected the sale or trade, and it devolves on defendant to show plaintiff was acting as agent of said Pratt and not the agent of defendant; and if you find the plaintiff acted as the agent of Pratt, and not agent of defendant, you will find for said defendant; and if you find plaintiff was agent of defendant and performed the services claimed in petition you will find for plaintiff." The instruction seemed to be applicable to the proof and we find no error therein.

The testimony tends to show that Mr. Yager employed the plaintiff to sell his property in Hastings for $15,000; that afterwards, through the intervention of the plaintiff, Yager did sell this Hastings property to George H. Pratt for $15,125 and took as part payment therefor a farm near Hansen at $40 per acre. Upon these points there is practically no dispute in the testimony. Pratt testifies that he did not employ plaintiff, but that after the transaction was completed he gave him $100. This, however, if the testimony of the plaintiff is true, would not relieve Yager from the payment of a fair compensation for the service rendered. There is no charge of bad faith on the part of the plaintiff.

The proof shows that his services were of much greater value than the sum of $1, and the jury should have so found. For this reason the verdict and judgment must be set aside, and a new trial granted.

JUDGMENT ACCORDINGLY.

THE other judges concur.